1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                           **EASTERN DISTRICT OF CALIFORNIA**

10

11   CHRISTOPHER GONZALEZ,                )   Case No.: 1:12-cv-00104- JLT
                                          )
12              Plaintiff,                )   ORDER TO SHOW CAUSE WHY THE ACTION
                                          )   SHOULD NOT BE DISMISSED FOR
13        v.                              )   PLAINTIFF'S FAILURE TO PROSECUTE AND
                                          )   FAILURE TO COMPLY WITH THE COURT'S
14   COMISSIONER OF SOCIAL SECURITY,      )   ORDER
                                          )
15              Defendant.                )
                                          )
16

17        Christopher Gonzalez ("Plaintiff") initiated this action against the defendant, Commissioner of

18   Social Security, on January 9, 2012.  (Doc. 1).  The Court issued its Scheduling Order on January 24,

19   2012, setting forth the applicable deadlines.  (Doc. 7).

20        In the Scheduling Order, the parties were notified that "the Court will allow a single thirty (30)

21   day extension of any part of [the] scheduling order by stipulation of the parties."  *Id.* at 4.  Also, the

22   parties were informed that, with the exception of the single stipulation, any requests to modify the

23   Scheduling Order must be made by written motion and would only be granted for good cause.  *Id.*

24   Notably, the parties used the single thirty day extension, and the Court granted Plaintiff an additional

25   thirty days to file a motion for summary judgment on October 15, 2012.  (Docs. 14-15).

26        Pursuant to the Court's order, Plaintiff was to file his motion no later than November 15, 2012.

27   However, Plaintiff failed to comply with the Court's order, and he has not filed a subsequent request to

28   extend the applicable deadlines or modify the Scheduling Order.

                                              1

1    The parties were warned that violations of the Court's Scheduling Order may result in sanctions

2    pursuant to the Local Rules. (Doc. 7 at 4).  Corresponding with Fed. R. Civ. P. 11, Local Rule 110

3    provides: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds

4    for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

5    The Ninth Circuit explained, "District courts have inherent power to control their dockets," and in

6    exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v.*

7    *Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action

8    with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or

9    failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

10   (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S.*

11   *Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order);

12   *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to

13   comply with local rules).

14   Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days of the date of service

15   of this Order why the action should not be dismissed for failure to prosecute and failure comply with

16   the Court's order, or in the alternative, to file a his motion for summary judgment.

17

18

19   IT IS SO ORDERED.

20   Dated:    **November 16, 2012**                          **/s/ Jennifer L. Thurston**

21                                                  UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28